MARION F. EDWARDS, Judge.
Lin these consolidated actions to set aside bond forfeitures, the State of Louisiana (“the State”) appeals the trial court’s ruling which granted a “Motion to Reconsider” in favor of defendant’s surety. For the reasons that follow, we reverse.
On July 18, 2003, defendant, Quentin D. Coker (“Coker”), was charged by the Jefferson Parish District Attorney’s Office with possession of Oxycodone, a violation of LSA-R.S. 40:967(C); prostitution, a violation of LSA-R.S. 14:82; and possession of marijuana, a violation of LSA-R.S. 40:966(C). Coker pled not guilty to all charges in an arraignment on July 23, 2003. After Coker failed to appear at his trial on February 14, 2005, the State made an oral motion for the forfeiture of Coker’s bonds, which the trial court granted on that same date. The notices of the signing of the judgment were mailed to Coker and the sureties on the bonds on March 10, 2005.
Thompson’s Bail Bonds (“Thompson’s”) and Safety National Casualty Corporation (“Safety”) filed a Motion to Set Aside Bond Forfeiture on August 12, |32005, at which time they alleged that the Jefferson Parish Clerk of Court failed to send out notice of the signing of the judgment of bond forfeiture pursuant to LSA-R.S. 15:85(3)(a). Thompson and Safety further alleged that Coker was incarcerated in Miami Dade County Prison in the State of Florida on May 28, 2005. Following a hearing on February 24, 2006, the trial court denied the Motion to Set Aside Bond Forfeiture; no appeal was taken from the trial court’s ruling.
On March 2, 2006, the sureties filed a “Motion to Reconsider Ruling” in regard to the trial court’s February 24, 2006 judgment that denied their Motion to Set Aside Bond Forfeiture. Following a hearing on March 20, 2006, the trial court granted the sureties’ “Motion to Reconsider” and vacated its February 14, 2005 judgment.
The State timely filed the present appeal.

LAW AND ARGUMENT

On appeal, the State’s sole assignment of error is that the trial court erred in Safety’s Motion to Reconsider Ruling. Specifically, the State asserts that the Louisiana Code of Criminal Procedure does not allow a trial court to set aside its ruling of a bond forfeiture under the procedural vehicle of a “Motion to Set Aside” and further that, even if the trial court did have the authority to consider the motion, the *1257 grounds raised by the surety were not timely set forth within the proper prescriptive period.
LSA-R.S. 15:85, in relevant part, provides:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days 1 ¿of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
(6) Appeals.
(a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. The security to be furnished for this suspen-sive appeal shall be equal to the bail obligation.
(b) The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.
(c) All appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture.
LSA-C.Cr.P. art. 345, in relevant part, states:
D. If during the six-month period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant’s sureties produce to the court adequate proof of defendant’s incarceration, or the officer originally charged with defendant’s detention verifies the defendant’s incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant’s incarceration.
(3) The defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return.
| ¡jLSA-R.S. 15:87 further provides:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, *1258 or other responsible officer where the principal is detained, who attests to the cause of the defendant’s failure to appear shall be considered adequate proof of the defendant/principal’s inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.
Pursuant to the above-cited statutes, we first consider the timeliness of defendant’s motions. In the present case, the record indicates that the Clerk of Court for the Twenty-Fourth Judicial District certified the mailing of the judgment of bond forfeiture on March 10, 2005. Accordingly, Safety would have had sixty days to bring a summary proceeding, or until September 10, 2005, at the latest, to raise defenses under LSA-C.Cr.P. art. 345 and LSA-R.S. 15:87.
In Safety’s Motion to Set Aside Bond Forfeiture, it asserted that Coker failed to appear before the court on February 14, 2005. Safety also states that Coker was incarcerated in Florida on May 28, 2005 and provided documentation to support its IfjClaim.[1] Accordingly, it would appear that Safety’s Motion was timely brought under LSA-C.Cr.P. art. 345. However, when the trial court denied Safety’s Motion to Set Aside Bond Forfeiture, Safety failed to file an appeal to this Court pursuant to LSA-R.S. 15:85 and, therefore, the trial court’s ruling became final.
As correctly noted by the State, there is no procedural vehicle entitled “Motion to Reconsider Ruling” detailed in the Code of Criminal Procedure by which a defendant’s sureties can seek to overturn a trial court’s denial of a Motion to Set Aside Bond Forfeiture. Furthermore, Safety’s Motion was filed on March 2, 2006, nearly one full year after the mailing of the judgment of bond forfeiture was certified, and after the period set forth in LSA-R.S. 15:87.
Based upon our review of the record, and for the foregoing reasons, we find that the trial court erred in considering and ultimately granting Safety’s Motion, and we hereby reverse. Costs of appeal are assessed against the appellee.

REVERSED.

. Safety did not argue in its Motion to Set Aside Bond Forfeiture that Coker was incarcerated on February 14, 2005.